The opinion of the Court was delivered by
DuNKIN, Ch.
It is not supposed, or contended, that the paper executed 26th September, 1844, was a release of dower. It was no more than an agreement, and, assuming that the defendant, when he purchased from the plaintiff’s husband, was made acquainted with this ante-nuptial arrangement, he must be presumed to have understood the character, and effect of the instrument. The obligation of the plaintiff to release any interest she might acquire, rested in contract, and *439 depended on the fidelity with which the conditions of the contract were fulfilled by her future husband. ,Under the circumstances detailed in the evidence, neither the husband, nor his heirs, would have any claim- to the interference of this Court, in enforcing the execution of the contract; and the purchaser from him, having a knowledge that the dower had not been released, would have no higher equity to insist on the performance of the agreement; and to invoke the aid of this Court in restraining the plaintiff from the prosecution of her legal rights.
It is ordered and decreed, that the appeal be dismissed.
Johnstok, Dargaw and Wardlaw, CC., concurred.

Appeal dismissed.